DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas in a case involving insurance claims for uninsured/underinsured ("UM/UIM") motorist coverage. Because we conclude that the trial court properly granted summary judgment, we affirm.
 {¶ 2} In May 2001, Melvin J. Klocinski for himself and on behalf of the estate of his deceased wife Rebecca and the couple's two minor children, filed a declaratory judgment action to determine UM/UIM coverage under a policy issued by appellee, American States Insurance, the insurer for Lucas County Board of Commissioners. Klocinski, a Lucas County employee, sought coverage for damages related to the 1990 wrongful death of his wife occurring from a car accident. Klocinski filed a motion to compel discovery and was granted an extension of time until August 29, 2002 to respond to a motion for summary judgment filed by American States. On March 7, 2003, the trial court denied Klocinski's motion to compel discovery and also granted summary judgment to American States. It ruled that Klocinski had not given prompt notice of the UM/UIM claims the policy required and that an 11 year lapse in time before bringing suit was prejudicial to American States.
 {¶ 3} On May 21, 2003, Klocinski filed a motion to reconsider the grant of summary judgment to American States. Klocinski argued that the trial court had prematurely ruled on the motion without abiding by its earlier agreement to permit him to respond within a reasonable time after its ruling on the motion to compel. The court granted the motion for reconsideration, but still found in favor of American States, determining that underWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, Klocinski's claims were precluded since the accident was unrelated to the scope of his employment.
 {¶ 4} Klocinski now appeals from those judgments, arguing the following three assignments of error:
 {¶ 5} "Assignment of Error No. 1
 {¶ 6} "The trial court erred in denying `Plaintiffs' Motion to Reconsider and Vacate Order Granting Summary Judgment to Defendant American States Insurance' on the ground that it was rendered moot by the decision in Westfield Ins. Co. v. Galatis,
because Plaintiff, Melvin Klocinski, is a `named insured' under the subject policy of insurance, he and his family members, including his deceased spouse, are, therefore, unambiguously defined as `insureds' under the UM/UIM endorsement to the policy, and fall squarely within the exception to non-insurance coverage as specified in paragraph 3 of the syllabus of Westfield Ins.Co. v. Galatis.
 {¶ 7} "Assignment of Error No. 2
 {¶ 8} "The court erred in failing to grant `Plaintiffs' Motion to Reconsider and Vacate Order Granting Summary Judgment to Defendant American States Insurance' because the grounds in support of Plaintiffs' motion — namely that the court, in granting summary judgment, defaulted plaintiffs in violation of a previous agreement with an order of the court — were uncontested.
 {¶ 9} "Assignment of Error No. 3
 {¶ 10} "The court erred in granting summary judgment to defendant American States Insurance because it ruled prematurely on the summary judgment motion in violation of the court's prior order and agreement granting appellants an extension to respond until a reasonable time after it ruled on appellants' Motion to Compel, whereas it decided both motions the same day, unfairly denying appellants an opportunity to respond, and because appellants made a showing that they had sufficient evidence to rebut defendant's contention of `actual prejudice.'"
 I. {¶ 11} In the first assignment of error, Klocinski contends that the trial court erred in applying Westfield Ins. Co. v.Galatis to deny his motion to reconsider. For the following reasons, the trial court's judgment to deny Klocinski's motion to reconsider is affirmed. The basis of our decision, which differs somewhat from that of the trial court, conforms with the analysis and reasoning set forth in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 12} A trial court's decision whether to reconsider a previous interlocutory order is reviewed under an abuse of discretion standard. See Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, 535. If a trial court chooses to reconsider its prior decision, however, an appellate court must apply the standard of review applicable to the merits of the motion being reconsidered. When reviewing the trial court's reconsideration on the merits of a summary judgment motion, an appellate court must apply a de novo standard of review. See Evans v. Dianna's DeliRest. Grill, 8th Dist. No. 81746, 2003-Ohio-1173; Gentry v.Kelley (Aug. 31, 2001), 6th Dist. No. L-01-1234.
 {¶ 13} In this case, the law concerning interpretation of insurance policies was clarified between the time the trial court initially granted summary judgment to American States and Klocinski's filing of his motion for reconsideration. As a result, we cannot say that the trial court abused its discretion when it reconsidered the motion based upon Galatis. SeeVanest, supra. The question is whether the trial court properly determined the merits of the summary judgment on reconsideration.
 {¶ 14} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. An appellate court considers an appeal from a summary judgment under a de novo standard of review. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Id.;Brown v. Cty. Commrs. (1993), 87 Ohio App. 3d 704, 711. A grant of summary judgment will be upheld if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, "construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
 {¶ 15} An insurance policy is a contract. In Galatis,
supra, at ¶ 11, the Supreme Court of Ohio stated:
 {¶ 16} "When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement. Hamilton Ins. Serv.,Inc. v. Nationwide Ins. Cos. (1999), 86 Ohio St.3d 270, 273,1999-Ohio-162, * * * citing Employers' Liab. Assur. Corp. v.Roehm (1919), 99 Ohio St. 343, * * * syllabus. See, also, Section 28, Article II, Ohio Constitution. We examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy. Kellyv. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, * * * paragraph one of the syllabus. We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. Alexander v. BuckeyePipe Line Co. (1978), 53 Ohio St.2d 241, * * * paragraph two of the syllabus. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. Id. As a matter of law, a contract is unambiguous if it can be given a definite legal meaning. * * *"Galatis, supra, at ¶ 11.
 {¶ 17} In Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, a business insurance policy which listed only a corporation as the "named insured" on its declarations page was deemed to include the corporation's employees as insureds. This result stemmed from an unusual interpretation of so-called ambiguous language in the UM/UIM portion of the policy. Scott-Pontzer was then limited byGalatis to provide UM/UIM coverage only to those employees who were acting within the scope of their employment. Galatis,
supra, paragraph two of the syllabus. Under the Galatis
rationale, the fundamental principles of insurance contract interpretation were restored. Galatis, supra, at ¶ 60. TheGalatis court stated that:
 {¶ 18} "The general intent of a motor vehicle insurance policy issued to a corporation is to insure the corporation as a legal entity against liability arising from the use of motor vehicles. King v. Nationwide Ins. Co., 35 Ohio St.3d at 211, * * *. It is settled law in Ohio that a motor vehicle operated by an employee of a corporation in the course and scope of employment is operated by and for the corporation and that an employee, under such circumstances, might reasonably be entitled to uninsured motorist coverage under a motor vehicle insurance policy issued to his employer. Id. at 213, * * *. See, also,Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541,1999-Ohio-287, * * *. However, an employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy." Galatis, supra, at ¶ 20.
 {¶ 19} In this case, the named insured listed on the declarations page of the American States policy is "Lucas County Board of Commissioners." A later endorsement states that "Named Insured includes but is not limited to" other entities and individuals, including Lucas County employees. Thus, under the endorsement, Klocinski, as a Lucas County employee, was arguably included within the meaning of "named insured" and was potentially covered, unless the coverage was otherwise limited by the policy.
 {¶ 20} The UM/UIM section of the American States policy provides in pertinent part that an insured is:
 {¶ 21} "1. You.
 {¶ 22} "2. If you are an individual, any `family member.'
 {¶ 23} "* * *"
 {¶ 24} The policy defines "you" as referring to the "Named Insured shown in the Declarations." Although county employees are broadly included under "named insured" in the later endorsement, the only entity shown in the Declarations is "Lucas County Board of Commissioners." Therefore, arguably some ambiguity exists as to the persons covered by the UM/UIM policy.
 {¶ 25} Nonetheless, under Item Two of the Declarations, the "Uninsured Motorist Ins. — Single Limit" indicates that only specifically described autos will be covered by this section. The specific Lucas County fleet vehicles are then listed on a "schedule on file with the company." Consequently, even if we were to presume that employees and their family members are insured, the policy language itself limits UM/UIM coverage to those individuals only while they are occupying Lucas County fleet vehicles.
 {¶ 26} The rationale of Galatis applies here. Even if Klocinski's family members were potentially insured, the question is whether UM/UIM portion of the policy was meant to provide coverage to employees or family members outside the scope of the employee's employment. The Galatis limitations were not aimed merely at the ambiguous "you" and the inclusion of family members. That case clarified that a business policy may provide that UM/UIM coverage only if the injury occurs while an employee is in a covered vehicle and is engaged in activities within the scope of his or her employment.
 {¶ 27} Here, the intent of American States' policy was to provide insurance coverage to Lucas County employees while they were using one of the listed covered county vehicles. Although Klocinski and his wife potentially were covered by the policy, the limitations of the policy language itself as well as theGalatis decision preclude coverage. The business auto policy does not otherwise provide for UM/UIM coverage for employees, or their family members, while they are on personal time, that is, while acting outside the employee's course and scope of employment. Even if we were to presume some ambiguity in the UM/UIM language, under Galatis the claims must be connected to Klocinski while he was acting as an employee. It is undisputed that Klocinski's wife, Rebecca, was driving her own car during the accident. The accident was unrelated to any aspect of Klocinski's employment with Lucas County. Therefore, summary judgment was properly granted on the grounds that no UM/UIM coverage existed under the American States policy.
 {¶ 28} Accordingly, appellants' first assignment of error is not well-taken
 II. {¶ 29} Klocinski argues in his second assignment of error that the trial court erred in denying his motion to reconsider because appellee did not contest the grounds in support of the motion. In his third assignment of error, Klocinski contends that the trial court erred in granting American States' motion for summary judgment before permitting him a reasonable time to respond.
 {¶ 30} We have already determined that the trial court properly granted summary judgment after it reconsidered American States' motion for summary judgment. Since the trial court had the authority to reconsider interlocutory decisions at any time, the grounds upon which the reconsideration was based were irrelevant. Thus, even if Klocinski's grounds were uncontested, the trial court had authority to make whatever determination it deemed proper under applicable law.
 {¶ 31} In addition, although Klocinski argues that the trial court prematurely decided the motion for summary judgment, such error, if any, is not prejudicial to his case. Since we have determined that summary judgment was proper on reconsideration because of a clarification in the law, even if he were given the opportunity to address the motion for summary judgment, Klocinski could not have prevailed. Accordingly, Klocinski's second and third assignments of error are without merit and, accordingly, are not well-taken.
 {¶ 32} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., Concur.