[Cite as *M.S. v. J.S.*, 2020-Ohio-5550.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

M.S.

      Appellee

v.

 J.S.

      Appellant

Court of Appeals No. L-19-1234

Trial Court No. AD 18270586

**DECISION AND JUDGMENT**

Decided:  December 4, 2020

* * * * *

Stephen M. Szuch and Patricia Hayden Kurt, for appellee.

Abbey M. Flynn, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on appeal by appellant J.S., from the September 17 and December 2, 2019 judgments of the Lucas County Court of Common Pleas, Juvenile Division, denying appellant's motion for reconsideration regarding dismissal of her objections, and approving a shared parenting plan. For the reasons that follow, we affirm the trial court's judgment.

**{¶ 2}** Appellant assigns the following as error in appealing the judgment.

1. The trial court committed reversible error when it denied the motion to reconsider dismissal of objections.

2. The trial court erred in denying the motion to reconsider dismissal of objections because a final judgment entry had not even been prepared by the magistrate after the trial until required to do so by the Sixth District Court of Appeals.

### Background Facts

**{¶ 3}** Appellee, M.S., and appellant, J.S., are parents to A.S., born on July 11, 2016. Appellee and appellant are unmarried, but had purchased a house together and were in a relationship at the time of A.S.'s birth. The relationship ended around May 1, 2018, when appellant moved from the couple's home with A.S. In the months that followed, the couple cooperated in sharing parenting time and sharing the expenses for A.S., with each parent having time with A.S. every week day and on alternating weekends. On September 14, 2018, appellee filed a complaint for parentage, seeking a court-ordered, shared parenting plan and determination regarding child support.

**{¶ 4}** The matter proceeded to hearing before a magistrate on appellee's motion to establish parenting rights. After considering the child's best interest, the magistrate adopted the proposed shared parenting plan of appellee, with modifications. The magistrate ordered counsel for appellee to submit a revised entry addressing the modifications within two weeks, which appellee filed. The magistrate's decision, dated

2.

June 25, was filed July 9, 2019. The decision included notice of the time to file written objections "as required by Juvenile Rule 40[.]"

{¶ 5} On July 11, 2019, appellant filed a notice of objections to the magistrate's decision that challenged the factual findings, and requested transcripts for the hearing. In an entry dated July 19, 2019, the trial court granted appellant's request for a transcript, noting appellant had 30 days to supplement her objections after filing the transcript of the hearing. Appellant filed no transcripts.

{¶ 6} On August 26, 2019, the trial court issued its decision on appellant's objections to the magistrate's decision. After noting appellant's failure to make "the necessary arrangements to procure the trial transcript," the trial court denied the objections and adopted the magistrate's decision regarding the shared parenting plan.

{¶ 7} Appellant filed a motion seeking reconsideration of this decision, arguing the trial court did not provide a "specific time restraint for ordering the transcript." On September 17, 2019, the trial court denied appellant's motion to reconsider, finding a lack of good cause to excuse appellant's failure to file the transcript required by Juv.R. 40(D)(3)(b)(iii).

{¶ 8} On October 10, 2019, appellant filed her appeal of the denial of her motion to reconsider. We remanded the matter to the trial court for entry of a final order, incorporating the parties' shared parenting plan, and on January 14, 2020, appellant filed an amended notice of appeal from this entry.

## Applicable Law and Standard of Review

{¶ 9} Appellant filed timely objections to the magistrate's decision, challenging the factual findings of the magistrate, but failed to file a transcript and supplement her objections. Pursuant to Juv.R. 40(D)(3)(b)(iii), "[t]he objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing[.]" Without a transcript, "the trial court is required to accept the magistrate's findings of fact as true, and is permitted to examine only the legal conclusions based on those facts." *In re M.W.*, 6th Dist. Lucas No. L-11-1241, 2012-Ohio-2959, ¶ 6, citing *Beaverson v. Beaverson*, 6th Dist. Wood No. WD-06-080, 2007-Ohio-3560, ¶ 3; *see also Joann S. v. Khalid R.*, 6th Dist. Lucas No. L-07-1363, 2008-Ohio-5801, ¶ 15.

{¶ 10} Appellant's assigned errors challenge the trial court's denial of her motion for reconsideration. We review a trial court's decision on a motion for reconsideration of an interlocutory order for an abuse of discretion. *Klocinski v. American States Ins. Co.*, 6th Dist. Lucas No. L-03-1353, 2004-Ohio-6657, ¶ 12, citing *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 535, 706 N.E.2d 825 (4th Dist.1997), *abrogated by statute on other grounds* as stated by *State ex rel. O'Malley v. Russo*, 156 Ohio St.3d 548, 2019-Ohio-1698, 130 N.E.3d 256, ¶ 17. To find an abuse of discretion, we must find that the trial court acted unreasonably, arbitrarily, or unconscionably, beyond any potential error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

4.

**Argument**

{¶ 11} Appellant argues the trial court's denial of her motion for reconsideration was an abuse of discretion, because the trial court failed to provide notice that a failure to file transcripts would result in dismissal and because no final judgment had been entered at the time appellant requested reconsideration. She contends that the trial court extended the time for preparing and filing the transcripts in its July 19, 2019 entry, and therefore, the trial court erred in not considering her objections prior to adopting appellee's shared-parenting plan with modifications. In support, she argues the trial court misapplied Juv.R. 40(D). Additionally, appellant challenges the propriety of the trial court's adoption of the magistrate's decision, incorporating the modified shared-parenting plan, without assigning this as a separate error for appeal.

{¶ 12} Appellee argues the language of Juv.R. 40(D) is clear in providing the time for filing a transcript, and the trial court had no obligation to provide any notice to appellant regarding the procedural requirements stated within the rule. Appellee also argues that the trial court's adoption of the magistrate's decision, including the modified shared-parenting plan, was consistent with the law and occurred after appellant failed to properly pursue her objections.

**Analysis**

{¶ 13} Appellant's two assignments of error challenge the trial court's denial of her motion for reconsideration. Accordingly, we address these assigned errors together.

5.

{¶ 14} Appellant claims the trial court extended the deadline for filing transcripts within its July 19 order, because the order was silent on the deadline for filing, and only specified a deadline for filing supplemental objections. Appellant construed the trial court's silence as a waiver of the 30-day requirement under Juv.R. 40(D), and argues that imputing knowledge of the rule to her was unreasonable, considering the fact that the trial court had not yet entered a final judgment in the matter.

{¶ 15} The requirements of Juv.R. 40(D)(3)(b)(iii) are clear, and pertain to objections to a magistrate's decision, not final judgments. Where objections to the factual findings of a magistrate are asserted, the objecting party shall support the objections with "a transcript of all the evidence submitted to the magistrate," with the rule directing the objecting party to "file the transcript * * * with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause."

{¶ 16} Appellant does not claim that she requested and received a written extension to file the transcript. The entry upon which appellant relies, moreover, provided an extension to file supplemental objections and not the transcript. Because appellant failed to comply with the filing requirements relative to the transcript, the trial court had no choice but to overrule her objections to the magistrate's factual findings. *See H.H. v. J.L.*, 6th Dist. Lucas No. L-12-1217, 2013-Ohio-4522, ¶ 5.

{¶ 17} Appellant asks us to find the trial court abused its discretion in denying her motion for reconsideration of the trial court's ruling on her objections, based on a

6.

claimed misapplication of Juv.R. 40(D)(3). We find, however, that the trial court complied with the rule while appellant did not. Furthermore, appellant's argument relative to the lack of a final, appealable order is of no consequence. The issue on appeal concerns appellant's objections to the magistrate's decision, pursuant to Juv.R. 40(D), and a magistrate's decision is not a final judgment. *See* Juv.R. 40(D)(4)(a) ("A magistrate's decision is not effective unless adopted by the court.").

{¶ 18} Finally, we note that appellant challenges the trial court's adoption of the magistrate's decision, but failed to assert this as an assignment of error. We determine an appeal on the merits based on the assignments of error in the briefs as provided by App.R. 16, and not based on mere arguments. *Jensen v. AdChoice, Inc.*, 6th Dist. Lucas No. L-14-1014, 2014-Ohio-5590, ¶ 23, fn. 4, citing *Bonn v. Bonn*, 10th Dist. Franklin No. 12AP-1047, 2013-Ohio-2313, ¶ 9. Even so, because appellant challenged the factual findings of the magistrate but failed to file the transcript with her objections, the trial court was correct in overruling the objections. *See H.H.* at ¶ 5.

{¶ 19} Accordingly, finding no merit in the assigned or argued errors, we determine the trial court was within its discretion in denying appellant's motion for reconsideration. Appellant's assignments of error are found not well-taken.

{¶ 20} For the forgoing reasons, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Arlene Singer, J. _____

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.