[Cite as *Millenbaugh v. Millenbaugh*, 2024-Ohio-5425.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

Sheri L. Millenbaugh          Court of Appeals No.  F-23-009

      Appellee          Trial Court No.  21DV00148

v.

Alan J. Millenbaugh          **DECISION AND JUDGMENT**

      Appellant          Decided: November 15, 2024

* * * * *

Colin J. McQuade, for appellee.

Joseph W. Westmeyer, III, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Alan J. Millenbaugh, appeals the October 5, 2023 order of the Fulton County Common Pleas Court, Domestic Relations Division captioned Judgment Entry of Divorce.  For the following reasons, we affirm the trial court's judgment.

## I. Facts and Procedural Background

{¶ 2} Appellee, Sheri Millenbaugh, and appellant were married for over 30 years. On September 29, 2021, appellee filed a complaint for divorce against appellant in the Fulton County Common Pleas Court, Domestic Division.

{¶ 3} After the parties engaged in discovery and a failed attempt at mediation occurred, a magistrate conducted hearings on March 23, 2023 and April 14, 2023 regarding spousal support and the division of marital assets.

{¶ 4} The magistrate issued a decision on May 26, 2023 making several findings of fact, including findings regarding the values of the parties' vehicles, personal property, and retirement accounts. The magistrate also found that appellant had not been honest regarding the voluntary nature of a layoff in his employment. The magistrate found that appellant had voluntarily elected to take the layoff and therefore based spousal support on appellant's income prior to the layoff.

{¶ 5} Further, the magistrate agreed with the argument of appellee's counsel asserting that some of the parties' attorney's fees had resulted from appellant's failure to be forthright or to cooperate in the discovery process. The magistrate decided that, after reviewing the parties' attorneys' fees, "and in consideration of the incomes of the parties; the fact that it will be very difficult for [appellee] to pay these fees without undue hardship on her income and assets; as well as the behavior of the [appellant] in this matter," the appellant must pay appellee $18,761.95 in attorney's fees.

2.

{¶ 6} Both parties filed timely objections to the decision. Appellant's six objections, filed June 12, 2023, contended that (1) the magistrate improperly valued three vehicles; (2) the spousal support award was based on income attributed to him that was contrary to the evidence; (3) the award of attorneys' fees to appellee was based on insufficient evidence; (4) the magistrate's findings regarding retirement accounts conflated two accounts; (5) the magistrate's division of personal property resulted in an unequal distribution of assets; and (6) the magistrate failed to consider that appellant could not access retirement account funds without paying taxes and penalties, resulting in an unequal distribution of the parties' assets. Appellant's objections to the magistrate's decision also contained a request to supplement his motion with transcripts. Also on June 12, 2023, appellant filed a separate request for a transcript of the magistrate's hearing and asserting that appellant would bear the cost of the transcript.

{¶ 7} On June 30, 2023, the magistrate issued an order referring the case to mediation a second time. As to the transcript requested by appellant, the order stated that "[t]he current request for transcript shall be paused until after mediation."

{¶ 8} A mediation was held on August 31, 2023. Appellee withdrew her objections to the magistrate's decision that same day. On September 6, 2023, the mediator filed a report of mediation with the court. The report stated that the parties did not reach a resolution at the August 31st mediation, and "[a]s such, the matter is being referred back to the Court for any proceedings deemed appropriate."

3.

{¶ 9} Nothing further occurred until October 2, 2023. On that date, the trial court issued an order and judgment entry adopting the magistrate's May 6, 2023 decision. In its order, the trial court explained that because appellant had failed to pay for the costs of the transcript within the time prescribed by Fulton County Common Pleas Court Loc.R. 3.02(J), no transcript had been created, and therefore the court accepted the magistrate's findings of fact as true pursuant to Civ.R. 53(D)(3)(b)(iii). The trial court explained that all of appellant's objections challenged the magistrate's factual findings, which the court could not review without a transcript. Finally, "after having independently reviewed the terms of R.C. 3105.171 and R.C. 3105.18, and applying the relevant facts to the terms of those statutes," the court overruled appellant's objections and adopted the magistrate's decision *in toto*.

{¶ 10} The trial court issued a judgment entry of divorce on October 5, 2023. The division of the parties' assets followed the magistrate's decision as adopted by the trial court.

{¶ 11} On October 10, 2023, appellant filed a motion for reconsideration of the October 2, 2023 order overruling appellant's objections and adopting the magistrate's decision. In his motion, appellant asserted that the court had "stayed" the proceedings in the June 30, 2023 order pausing the request for transcripts. Appellant claimed that because the mediator's report was not a court order, the proceedings were still under a stay until the court issued an order "reinstating the case on to the Court's docket." Therefore, according to appellant, the time period for paying for the transcripts continued

4.

to be paused, and the court prematurely issued an order overruling his objections and adopting the magistrate's decision.

{¶ 12} The trial court denied appellant's motion for reconsideration on October 11, 2023.[1] The court explained, "upon the conclusion of the mediation, the obligation to obtain a transcript was revived by the terms of the Magistrate's June 30, 2023 Order, and it was not necessary for the Magistrate, or the Court, to issue another order reinstituting the obligation to obtain a transcript."

## II. Assignments of Error

{¶ 13} Appellant filed a timely notice of appeal asserting the following assignments of error for our review:

1. The trial court adopting the decision of the magistrate, *in toto*, on the basis that Appellant failed to pay for a transcript to rebut the magistrate's findings—when Appellant's reasoning for not paying for a transcript was that they were waiting for the case to be reinstated on the docket—is against the manifest weight of the evidence.

2. The trial court erred to the prejudice of Appellant when calculating spousal support, as the court considered, in their decision, evidence that was outside of what had been presented in hearings and sworn testimony.

3. The trial court erred to the prejudice of Appellant, as the equalization of marital assets was made with findings contrary to what was established on the record during hearings on the matter.

4. The trial court abused its discretion in ordering Appellant pay a portion of Appellee's attorney's on the basis of non-compliance with the discovery, as there was no evidence put forth at a hearing or trial to support this finding.

---

[1] The trial court's ruling on appellant's motion for reconsideration is not part of this appeal.

### III. Law and Analysis

#### A. Appellant failed to timely file a transcript of the hearings to support his objections to the magistrate's decision

{¶ 14} Civ.R. 53(D)(3)(b)(iii) requires any objection to a factual finding in a magistrate's decision to be supported by a transcript or affidavit if a transcript is not available. If an objecting party fails to timely file a transcript to support the objections, the trial court has "no choice but to overrule [the] objections to the magistrate's factual findings." *M.S. v. J.S.*, 2020-Ohio-5550, ¶ 16 (6th Dist.). To be timely, an objecting party must file the transcript "within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." Civ.R. 53(D)(3)(b)(iii). Additionally, Fulton County Common Pleas Court Loc.R. 3.02(J) provides that "[a]rrangements for the payment of the costs of transcripts shall be made with the Court Reporter at the time the transcript is ordered." Accordingly, a transcript is ordered only when arrangements for payment are made.

{¶ 15} In his first assignment of error, appellant claims that the trial court erred in overruling appellant's objections and adopting the magistrate's decision without giving appellant time to order a transcript of the hearings. Appellant contends that the trial court's finding that appellant failed to order the transcript within the time period prescribed by the civil rule was against the manifest weight of the evidence. In support, appellant alleges that the magistrate's June 30, 2023 mediation order "paused the production of [the] transcripts," and therefore the "clock had been tolled" on ordering

6.

transcripts until the case was "reinstated on the court's active docket."  Appellant further asserts that the magistrate's report "recommended that the matter be placed on the docket, but the trial court chose not to do so."

{¶ 16} Appellant's argument appears to conflate two separate legal concepts, staying and tolling.  Black's Law Dictionary defines "stay" as a "postponement or halting of a proceeding, judgment, or the like" and "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding."  Black's Law Dictionary (9th Ed. 2009).  In contrast, "toll" is defined as "[t]o stop the running of; to abate <toll the limitations period>." Black's Law Dictionary (9th Ed.2009).  Accordingly, a stay halts the action while tolling pauses the clock on a limitations period.  Notably, a case is reactivated following the court's issuance of a stay, and the time for a limitations period is resumed once a tolling period ends.  *Compare Loch v. Myers*, 2023-Ohio-2981, ¶ 12 (6th Dist.) (discussing reactivation of foreclosure case following stay) *with In re C.C.*, 2022-Ohio-2264, ¶ 37 (8th Dist.) (discussing resumption of speedy-trial time following tolling event).  Further, a court must actually issue an order to stay a proceeding, regardless of whether the stay is automatic or pursuant to the court's inherent authority. *See, e.g., Bank of New York Mellon v. Martin*, 2015-Ohio-4976 (ordering stay of proceedings due to filing of bankruptcy case pursuant to automatic stay in 11 U.S.C. 362); *U.S. Bank Natl. Assn. v. Allen*, 2016-Ohio-2766, ¶ 42 (3rd Dist.) ( "[T]he trial court erred in failing to issue an order of stay of the foreclosure proceeding when it granted Appellees' motion to compel arbitration of Appellant's counterclaims").

7.

{¶ 17} Here, the magistrate's order said that "[t]he current request for transcript shall be paused until after mediation." Most importantly, it did not indicate that the case was "stayed" pending further order of the court. Appellant's contention that his time period to file a transcript was "paused" until the court formally ordered the case returned to its active docket would mean that the trial court's order both tolled appellant's time to file a transcript and stayed the proceedings until the court ordered the action to be reinstated. Accepting appellant's argument would require us to read beyond the plain language of the June 30, 2023 order to include language not present in the order. The order's "pause" was limited to appellant's request for transcripts, and thus only tolled the limitations period for the transcripts. The order did not contain any language staying the proceedings altogether, and without language expressly staying the proceedings, we cannot interpret the order to have such an effect.

{¶ 18} Likewise, the trial court's order contained only one condition on the tolling of the time period for appellant to request a transcript—the conclusion of mediation. The order did not state that the transcript request was paused until further order from the court. Therefore, according to the plain language of the court's June 30, 2023 order, the conclusion of mediation—without any further order from the court—was sufficient to resume appellant's time period to file transcripts.

{¶ 19} Appellant's objections to the magistrate's decision—all of which challenged the magistrate's factual findings—were filed on June 12, 2023. Accordingly, appellant's 30-day time period to file a transcript began on June 12, 2023. On June 30,

8.

2023, 18 days later, the magistrate issued an order referring the case to mediation and pausing the transcript request. On September 6, 2023, the mediator filed a report stating that the parties had failed to reach a resolution in mediation and referring the case back to the court for further proceedings. Despite his personal knowledge that mediation had concluded unsuccessfully and the filing of the mediator's report expressly referring the case to the trial court, appellant took no action to pay for the transcripts. The trial court issued its decision adopting the magistrate's decision on October 2, 2023, which was 26 days after the mediator's report was filed and 32 days after the parties' failed mediation. The combined total of the 18 days between when appellant's objections were filed and the order pausing the transcript request with the 26 days between the filing of the mediator's report and the court's order overruling appellant's objections is 42 days, well over the 30-day period prescribed by Civ.R. 53(D)(3)(b)(iii).

{¶ 20} Because appellant failed to file transcripts supporting his objections to the magistrate's factual findings, the trial court properly overruled his objections. Appellant's first assignment of error is found not well-taken.

### B. Appellant's failure to file a transcript precludes our review of factual findings

{¶ 21} Appellant's second, third, and fourth assignments of error each contend that the trial court's order either considered evidence outside the record or was unsupported by the evidence in the record. In support of these assignments of error,

appellant does not contend that the trial court misapplied the law to the facts. Instead, appellant claims that the decision was based on the magistrate's factual errors.

{¶ 22} When an appellant has failed to file a transcript in support of his objections to factual findings in the trial court, "appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the [magistrate's decision], and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *Halliwell v. Halliwell*, 2020-Ohio-5548, ¶ 12 (6th Dist.), quoting *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995). Instead, the appellate court's review is limited to "whether the trial court's application of the law to the magistrate's factual findings constituted an abuse of discretion." *Id*.

### 1. Second Assignment of Error

{¶ 23} Here, appellant's second assignment of error challenges the trial court's spousal support award because he claims the trial court "attributed income to him … contrary to the evidence presented." Appellant alleges that the trial court erred in finding that he had been voluntarily underemployed because he claims there was no evidence to support that finding. Specifically, appellant asserts that he was laid off from work involuntarily, not voluntarily as found by the trial court.

{¶ 24} A "trial court may impute income to a voluntarily underemployed person for the purpose of determining spousal support." *Meyer v. Meyer*, 2005-Ohio-6249, ¶ 36 (6th Dist.). An appellate court will not reverse a finding of voluntarily unemployment "if

10.

the finding is supported by some competent, credible evidence in the record." *Allan v. Allan*, 2013-Ohio-1475, ¶ 14 (6th Dist.).

{¶ 25} Because appellant failed to file a transcript of the hearings, we cannot consider whether the transcript supports the trial court's finding that appellant took voluntary layoffs and instead supports appellant's argument that his layoffs were involuntary. *Halliwell* at ¶ 12. Instead, our review must be limited to whether the trial court misapplied the law regarding the effect of appellant's voluntary underemployment on spousal support. However, appellant has failed to raise any such argument. Instead, appellant has limited his argument to contending that the trial court should have found his underemployment involuntary, which was a factual finding not subject to our review in these circumstances. Accordingly, appellant's second assignment of error is not well-taken.

## 2. Third Assignment of Error

{¶ 26} Likewise, in his third assignment of error, appellant takes issue with the trial court's factual findings as to the value of various assets, which he claims resulted in an unequal division of the parties' assets. First, he claims the trial court overvalued several vehicles in contravention of his hearing testimony regarding their value. Next, directly quoting the transcript from the March 23, 2023 hearing, appellant alleges that the trial court mistakenly included the balances of two retirement accounts in its valuation of one retirement account. Again, because appellant failed to file a transcript of the hearings, we cannot consider whether the trial court's factual determinations regarding

11.

these issues were contradicted or unsupported by the transcripts. *Halliwell*, 2020-Ohio-5548, at ¶ 12 (6th Dist.).

{¶ 27} Appellant also contends that the trial court erred in making an equitable division of the parties' assets when it awarded appellant additional funds from the parties' retirement account to balance its award of the marital home to appellee. Appellant alleges that he cannot access the money in the account without penalty because he has not yet retired, thus reducing its value, while appellee could simply sell the marital home for its full value.

{¶ 28} R.C. 3105.171(C)(1) provides that "[i]f an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." The statute further provides the court shall consider the factors set forth in R.C. 3105.171(F) in making its division equitable. R.C. 3105.171(C)(1). These factors are as follows:

> (1) The duration of the marriage;
> (2) The assets and liabilities of the spouses;
> (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
> (4) The liquidity of the property to be distributed;
> (5) The economic desirability of retaining intact an asset or an interest in an asset;
> (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
> (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
> (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;

12.

(9) Any retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension;

(10) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.171(F).

{¶ 29} However, if the trial does not have evidence to address some factors, then a trial court's failure to consider them is not error. *Turner v. Turner*, 2024-Ohio-2200, ¶ 76 (6th Dist.) (holding that trial court did not err in failing to consider "factors such as the liquidity of the property to be distributed …; the costs of sale and tax consequences of accessing the qualified retirement account …; and the costs of sale of the home" when the trial court did not have evidence to consider them).

{¶ 30} Here, the magistrate's findings of fact make no mention of the penalties or taxes associated with appellant's withdrawal of funds from the retirement accounts nor any costs appellee would incur if she sold the marital home. Again, because appellant failed to file a transcript of the hearings, we cannot conclude that the trial court's failure to consider these factors was an abuse of discretion. *Halliwell*, 2020-Ohio-5548, at ¶ 12 (6th Dist.).

{¶ 31} Appellant's third assignment of error is found not well-taken.

### 3. Fourth Assignment of Error

{¶ 32} Finally, appellant's fourth assignment of error claims that the trial court's award of attorneys' fees to appellee was not supported by the record. Just as in his previous assignments of error, appellant points to the hearings for support, contending "[t]hroughout the course of the hearings conducted on March 23, 2023, and April 13,

13.

2023, Appellee failed to provide sufficient evidence to show that Appellant had dragged their feet or acted in bad faith in the discovery process." Appellant also alleges that during the hearing, the trial court failed to determine how much of appellee's attorneys' fees resulted from discovery delays. Further, appellant claims that the trial court erred in awarding attorneys' fees due to the trial court's error in calculating spousal support.

{¶ 33} R.C. 3105.73(A) provides that in a divorce action, the trial court "may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." To determine whether to award attorneys' fees, the court "may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." *Id*. A trial court's award of attorneys' fees is reviewed for an abuse of discretion. *Salpietro v. Salpietro*, 2023-Ohio-169, ¶ 57 (6th Dist.).

{¶ 34} Again, we are "precluded from considering the transcript of the hearing," and therefore cannot consider appellant's allegations of a lack of evidentiary support for the magistrate's findings regarding appellant's conduct, the parties' assets or income, the factual basis for the spousal support awards, or the portion of the attorneys' fees attributable to appellant's conduct. *Halliwell*, 2020-Ohio-5548, at ¶ 12 (6th Dist.). Moreover, the trial court expressly considered the parties' conduct—noting that appellant was not fully cooperative in discovery, an additional fund not identified by appellant was later discovered by appellee, and additional attorneys' fees were incurred due to appellant's actions—as well as their incomes. Accordingly, we cannot determine that the

14.

trial court abused its discretion in awarding attorneys' fees in these circumstances. *See Baum v. Perry-Baum*, 2019-Ohio-3923, ¶ 32 (6th Dist.) (holding that trial court did not abuse its discretion in awarding attorneys' fees caused by spouse's conduct delaying divorce proceedings).

{¶ 35} Appellant's fourth assignment of error is found not well-taken.

### IV. Conclusion

{¶ 36} For the foregoing reasons, the October 5, 2023 judgment of the Fulton County Common Pleas Court, Domestic Division is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.               _____
                             JUDGE

Gene A. Zmuda, J.

Myron C. Duhart J.               _____
CONCUR.                                 JUDGE

     _____
                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.